UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff*,

v.

MIKHAIL GALAS, ALEXANDER HAWATMEH, CHRISTOPHER MWROCA, and TOVY PUSTOVIT,

*Defendants, and*

NADIA HAWATMEH,

*Relief Defendant*.

No. 14-cv-5621

---

## FINAL JUDGMENT AS TO DEFENDANT CHRISTOPHER MROWCA

The Securities and Exchange Commission having filed an Amended Complaint and

Defendant Christopher Mrowca ("Defendant") having entered a general appearance; consented

to the Court's jurisdiction over Defendant and the subject matter of this action; consented to

entry of this Final Judgment; waived findings of fact and conclusions of law; and having waived

any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 9(a)(1) of the Exchange Act [15

U.S.C. § 78I], by using the mails or any means or instrumentality of interstate commerce, or of

any facility of any national securities exchange for the purpose of creating a false or misleading

appearance of active trading in any security, or a false or misleading appearance with respect to

the market for any such security,

(a) to effect any transaction in such security which involves no change in the beneficial

ownership thereof, or

(b) to enter an order or orders for the purchase of such security with the knowledge that

an order or orders of substantially the same size, at substantially the same time, and at

substantially the same price, for the sale of any such security, has been or will be

entered by or for the same or different parties, or

(c) to enter any order or orders for the sale of any such security with the knowledge that

an order or orders of substantially the same size, at substantially the same time, and at

substantially the same price, for the purchase of such security, has been or will be

entered by or for the same or different parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently barred from participating in any offering of any penny stock, including acting as a

promoter, finder, consultant, agent or other person who engages in activities with a broker,

dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase

or sale of any penny stock.  A penny stock is any equity security that has a price of less than five

dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $297,973.03, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,031.38,

for a total of $306,004.41, which shall be offset by the amount of restitution or forfeiture ordered

in the criminal action, *United States v. Mrowca, et al.*, 14-CR-5348-RBL (W.D. Wash.), except

that such offset shall be limited to the $80,000 in trading profits received by Mrowca in

connection with the scheme described in Section 8 of the Plea Agreement.  Defendant shall

satisfy this obligation by paying the amount due after the offset described above to the Securities

and Exchange Commission within 14 days after entry of the criminal Order of Restitution.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Christopher Mrowca as a defendant in this action; and specifying that payment is

made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

This Final Judgment resolves the Commission's claims against Mrowca relating to the six issuers described in the Amended Complaint.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this 21st day of July, 2015.

Ronald B. Leighton
United States District Judge